

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CUONG HUY PHAM, §
 §
     Movant, §
 §
VS. § NO. 4:07-CV-779-A
 § (NO. 4:05-CR-056-A)
UNITED STATES OF AMERICA, §
 §
     Respondent. §

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

    Came on to be considered the motion of Cuong Huy Pham ("Cuong") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed Cuong's motion, the government's response, Cuong's reply, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

<u>Background</u>

    On May 25, 2005, Cuong was named in a two-count superseding indictment charging him with: (1) conspiracy to distribute 3, 4-methylenedioxymethamphetamine,[1] a schedule I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C); and (2) possession with intent to distribute methylenedioxymethamphetamine, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On June 7, 2005, a jury found Cuong guilty on both counts. By judgment signed September 27, 2005, the court sentenced Cuong to a term of

---

[1]This substance is also known as "MDMA" or "ecstacy."

240 months' incarceration as to count 1 and 120 months' incarceration as to count 2, to run consecutively, for an aggregated term of imprisonment of 360 months, followed by three years' supervised release on each count, to run concurrently. On September 28, 2006, the United States Court of Appeals for the Fifth Circuit affirmed Cuong's conviction and sentence. Cuong filed his § 2255 motion on December 28, 2007.[2]

II.

Grounds of the Motion

Cuong alleges that he was rendered ineffective assistance of counsel in five different respects. He argues that counsel was ineffective in: (1) failing to assert a Rule 29 motion for judgment of acquittal when the government rested and at the conclusion of the trial; (2) failing to object to a deliberate ignorance instruction in the court's charge; (3) failing to object, under Rules 403 and 404(b) of the Federal Rules of Evidence, to the admission of evidence of an extraneous offense; (4) failing to object under the Confrontation Clause and Rule 802 of the Federal Rules of Evidence to certain testimony; and (5) failing to present the testimony of a favorable witness.

---

[2]The court is concerned that the motion may have been filed one day after the limitations period expired; however, United States of America, in its response, takes the position that the motion was timely. The court will give movant the benefit of an electronic filing, which was filed on December 26, 2007, but stricken the following day.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).

IV.

## Analysis

To prevail on his ineffective assistance of counsel claims, Cuong would have to show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687

3

(1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).

1. Failure to Assert a Rule 29 Motion

Cuong argues that his trial counsel was ineffective in failing to move for a judgment of acquittal, as contemplated by Rule 29 of the Federal Rules of Criminal Procedure, when the government rested its case-in-chief and at the conclusion of the trial. In order to prevail on this ground, Cuong would have to show that there is a reasonable probability that, had counsel brought a Rule 29 motion, the result of the proceedings would have been different. See Strickland, 466 U.S. at 687. Evidence is sufficient to support a conviction "only if, 'a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt.'" United States v. Gonzales, 436 F.3d 560, 571 (5th Cir. 2006) (quoting United States v. Brugman, 364 F.3d 613, 615 (5th Cir. 2004)). The court "review[s] the evidence in the light most favorable to the government with all reasonable inferences and

credibility choices made in support of the jury verdict." Gonzales, 436 F.3d at 571.

Cuong argues that "[i]n the instant case, the legally admissible and credible evidence was insufficient to establish [d]efendant's: (1) knowing and voluntary participation in a conspiracy; and (2) knowing possession of contraband." Mot. at 17. The court disagrees. As the government notes in its response, Phong Truong ("Truong") testified for the government at the trial. Truong was a resident of Houston who had been arrested in Fort Worth, Texas, for the possession of 1,000 ecstacy pills. Truong acted as an informant for the government, giving the government information that his friend, Cuong, would be in Fort Worth, Texas, with a large quantity of ecstacy. Truong also testified that he owed Cuong $45,000.00 for ecstacy. Based on the evidence the government adduced during its case-in-chief, including but not limited to Truong's testimony, a rational trier-of-fact could have found that Cuong was a knowing and voluntary participant in the conspiracy and that he knowingly possessed the ecstacy that was the subject of the prosecution.

2. Failure to Object to Deliberate Ignorance Instruction

Cuong argues that he was denied effective assistance of counsel when counsel failed to object to the deliberate ignorance instruction in the court's jury charge. "[T]he giving of a deliberate ignorance instruction is harmless error where substantial evidence of actual knowledge was presented." United States v. Ricardo, 472 F.3d 277, 286 (5th Cir. 2006). Cuong has

5

not persuaded the court that it was in error giving the deliberate indifference instruction; however, even if he had, the error would have been harmless because, as described above, the government adduced substantial evidence of Cuong's actual knowledge.

3. Failure to Object to Certain Testimony under Rules 403 and 404(b) of the Federal Rules of Evidence

Cuong argues that he was denied effective assistance of counsel when counsel failed to object to Truong's testimony that, prior to the date of the offense on trial, he had received a quantity of ecstacy from Cuong, and that Truong still owed Cuong money as a result of the transaction. At trial, Cuong's counsel did object to this evidence on the basis of surprise; they did not, however, object under Rule 403 or 404(b) of the Federal Rules of Evidence. Cuong argues that the testimony at issue constituted extrinsic offense evidence. The court agrees with the government, though, that this was "evidence of a drug transaction that was not part of the crime charged [but was] nonetheless admissible as intrinsic evidence because it 'was part of the background facts surrounding the commission of the crime.'" United States v. Miranda, 248 F.3d 434, 440 (5th Cir. 2001) (quoting United States v. Wilson, 578 F.2d 67, 72 (5th Cir. 1978)). The evidence at issue in the instant case, like the evidence in Miranda, "was not submitted to show the defendant's proclivity towards crime, but to complete the witness's account of his various dealings with the defendant[]." Miranda, 248 F.3d

at 440. Indeed, the court allowed the testimony on the basis that it was evidence that Cuong had knowledge of the drugs being in the vehicle, and the court gave the jury a limiting instruction to that effect. In light of the court's instruction, Cuong cannot show a reasonable probability that the result of the proceeding would have been any different had counsel objected under Rule 403 or 404(b).

4. Failure to Object to Certain Testimony under the Confrontation Clause and Rule 802 of the Federal Rules of Evidence

Cuong contends that he was denied effective assistance of counsel when counsel failed to object to (1) Truong's testimony that a third party told him that Cuong would be coming to Fort Worth, Texas, with 10,000 MDMA pills and (2) testimony from officer Ray Morales referring to Truong's comments to that effect. As lead trial counsel for Cuong explains in his affidavit:

> In both cases I believed that an objection would serve to emphasize the testimony. In neither case did I think an objection would preserve reversible error. . . . In the case of [] Truong's testimony I recall that we did not consider his testimony particularly credible or believable, and that the testimony was better dealt with on cross examination. In the case of Officer Morales, I wanted the jury to know that all the police knew was that two Asian males would be traveling with ecstacy--not that they had a tip that Cuong [] was transporting ecstacy. The two Asians could be another two Asians, or, if Cuong [] was a last minute passenger, then it would explain why the police were convinced that he was involved even though he was a passenger.

Gov't's App. at 3-4. "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally

7

ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Cotton v. Cockrell, 343 F.3d 746, 752-53 (5th Cir. 2003) (quoting United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002)). Cuong is not entitled to any relief on his fourth grounds because he has failed to show that counsel's strategic and tactical decision not to object was so ill chose that is permeated the entire trial with obvious unfairness.

5. <u>Failure to Present Testimony of Thuan Pham</u>

Cuong argues that trial counsel should have taken steps to present the testimony of Thuan Pham ("Thuan"), driver of the car that had the ecstacy in the trunk and a co-defendant who pleaded guilty. Cuong asserts that Thuan would have testified that the ecstacy in the truck of the car belonged to Thuan and Cuong did not know that it was in the vehicle. In their affidavits, Cuong's lead and co-counsel state that they spoke with Thuan's counsel, who indicated that, despite having entered a plea of guilty, Thuan would not testify voluntarily and would invoke his rights under the Fifth Amendment if subpoenaed. Thus Cuong's trial counsel made a reasonable attempt to get Thuan to testify; the fact that they were unsuccessful in doing so does not entitle Cuong to relief. See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983).

In his motion, Cuong relies on United States v. Griffin, 66 F.3d 68 (5th Cir. 1995), for the proposition that there could be circumstances in which it would be appropriate for the district

8

court to grant a defendant's request to require a witness to take the stand simply to invoke his or her Fifth Amendment privilege. In light of the entire record, the court is satisfied that this action did not present those circumstances.

* * * * *

Cuong has failed to establish as to any of his five grounds that, but for counsel's purported unprofessional errors, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 687. Accordingly, he is not entitled to any relief.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that Cuong's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED February 20, 2008.

JOHN McBRYDE
United States District Judge